MODERN COMPUTER GAMES, INC., CARL D. RADER, TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Modern Computer Games, Inc. v. Commissioner
Docket No. 1866-89
United States Tax Court
T.C. Memo 1989-483; 1989 Tax Ct. Memo LEXIS 483; 58 T.C.M. (CCH) 23; T.C.M. (RIA) 89483; September 5, 1989
Gary R. DeFrang, for the petitioner. Henry S. Schneiderman and Lisa Byun, for the respondent. COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986. [1]
This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The issue for decision is whether Carl *485 D. Rader was the proper party to file a petition on behalf of an S corporation, Modern Computer Games, Inc. (Games), during the 90-day period under section 6226(a)(1). At the time the petition was filed, Games had its principal place of business at Phoenix, Arizona. Games was an S corporation organized under the laws of the State of Arizona and filed Form 1120S, U.S. Income Tax Return for an S Corporation, for its taxable year ended December 31, 1983. At all relevant times, the shareholders of Games and their respective stock interests were as follows: Shareholder
Percentage Ownership
Robert C. & Carol Jobe
20%
Carl D. & Harriette Rader
20%
William T. & Carolyn Leister
38%
Kenneth Medlin
22%
The corporate board of directors of Games consisted of Robert C. Jobe, Carl D. Rader (Rader), William T. Leister (Leister), and Kenneth Medlin. By notice of final S corporation administrative adjustment (FSAA) dated October 31, 1988, respondent determined adjustments to the S corporation return of Games for the year 1983. A petition for readjustment was filed on January 27, 1989, 88 days after the mailing of the notice of FSAA. The petition was filed and signed *486 by Rader as "Tax Matters Person" (TMP) of Games. Prior to issuance of the FSAA, neither Rader nor any other shareholder of Games had been expressly designated as "TMP" in accordance with respondent's regulations, although the Board of Directors of Games had appointed Rader as representative of the corporation for purposes of dealing with the Commissioner concerning the 1983 corporate return. Respondent argues that this case must be dismissed because only the TMP may file a petition during the first 90 days after a notice of FSAA is issued, and Rader was not the TMP. In this regard, respondent argues that, because Rader was never designated TMP as required by section 6231(a)(7)(A) and the regulations thereunder, the shareholder with the largest profits interest, Leister, was the TMP under section 6231(a)(7)(B) and the regulations thereunder. Rader argues that he was authorized to file the petition on behalf of Games, that Leister was not the TMP because Leister had not been designated TMP, and that respondent's regulations designating the general partner with the largest profits interest as the TMP are not applicable to S corporations. In support of his position and in opposition *487 to respondent's motion, Rader filed an affidavit executed by all the directors of Games, including Rader, which stated that Rader had been appointed by Games as "representative" of Games for purposes of dealing with respondent in connection with the examination of Games' 1983 corporate return; that Games never notified respondent that Leister was either the TMP or the authorized representative of Games; and that Rader was authorized to file a petition with the United States Tax Court to challenge the determinations of respondent in the FSAA issued October 31, 1988. Section 6244 provides that the audit, examination, and judicial review procedures applicable to partnership items extend to and are applicable to S corporations, except to the extent modified or made inapplicable by regulations. Respondent had not issued any regulations under section 6244 as of the date of consideration of this motion. The partnership provisions made applicable to S corporations which are relevant to the question here are sections 6226 and 6231, pursuant to which respondent has issued regulations. Under section 6226(a)(1), the tax matters partner (hereinafter also referred to as TMP, but meaning tax *488 matters partner when referring to a partnership, as opposed to tax matters person when referring to an S corporation) may file a petition in this Court for readjustment of partnership items within 90 days from the date a notice of final partnership administrative adjustment (FPAA) (the counterpart to the FSAA involved herein) was mailed to the TMP. If the TMP does not file a petition within the 90-day period provided by section 6226(a)(1), any notice partner or five-percent group may file a petition for readjustment of partnership items for the taxable year involved, within 60 days after the close of the 90-day period pursuant to section 6226(b)(1). After the expiration of the 90-day period provided in section 6226(a)(1), a TMP, who is also a notice partner, may file a petition as a notice partner within the 60-day period provided in section 6226(b)(1). Barbados #6 Ltd. v. Commissioner, 85 T.C. 900, 904-905 (1985). Sections 6231(a)(7)(A) and (B) provide that the TMP of a partnership is either the general partner designated as such in accordance with the regulations or, if no general partner is so designated, the general partner having the largest profits interest *489 in the partnership at the close of the taxable year involved. In addition, the flush language of section 6231(a)(7) provides that, if no general partner is designated as the TMP and the Commissioner determines that it is impracticable to determine who the TMP is based on the profits interests of the partners, the Commissioner may select a partner to be treated as the TMP. When a partnership is without a TMP before this Court, however, a Court-supervised appointment is most appropriate rather than for respondent to make the appointment, because respondent is the partnership's adversary during the litigation. Computer Programs Lambda v. Commissioner, 90 T.C. 1124, 1127 (1988). The facts of this case are indistinguishable from Chomp Associates, Melvin E. Pearl, Tax Matters Partner v. Commissioner, 91 T.C. 1069 (1988). In Chomp Associates, this Court framed the issue as follows: Jurisdictionally, we believe that the temporary administrative regulations do not play a significant role, if any, regarding whether [the filing party] had the authority to file a petition. The more obvious purpose of respondent's regulations is to provide respondent *490 with the name and address of the TMP to be able to properly mail a FPAA. As stated above, the question is whether [the filing party] was duly authorized to file the petition in this case, not whether he properly notified respondent. [Chomp Associates, Melvin E. Pearl, Tax Matters Partner v. Commissioner, 91 T.C. 1069, 1078 (1988).] Accordingly, the issue here will be considered in such a manner. In Chomp Associates, the party filing the petition had not been expressly designated as "TMP" in accordance with respondent's regulations prior to issuance of the notice of FPAA, but had been authorized to file the petition as TMP by over 96 percent of all partnership interests. This Court declined to decide whether Pearl, the filing partner, or Flick, another partner, was the TMP prior to issuance of the notice of FPAA. It was there held that Pearl was the proper party to file the petition: "Pearl, not Flick, filed the petition herein and, in addition, it has been shown that Flick and other partners of Chomp authorized Pearl to file a petition." Chomp Associates, Melvin E. Pearl, Tax Matters Partner v. Commissioner, supra at 1078-1079. *491 The Court finds that Rader was the proper party to file the petition in this case. The Court follows Chomp Associates and bases its holding on two factors, also present in Chomp Associates: (1) Rader was eligible to be designated TMP; and (2) Rader had been specifically authorized by Games to act as TMP prior to filing the petition. At the hearing of this motion, respondent indicated that the identity of the TMP in this case might have some impact on the validity of a consent to extend the statute of limitations for Games' 1983 return, which was executed by Leister. A determination as to the identity of the TMP at the time such consent was executed, however, is not necessary to the disposition of the motion now before the Court. See Chomp Associates, Melvin E. Pearl, Tax Matters Partner v. Commissioner, supra.Additionally, due to the Court's disposition of the issue, it is not necessary to address Rader's arguments that respondent's regulations should not be applied retroactively or that respondent's regulation regarding the largest profits interest test should not be applied to S corporations. Rader was the proper party for filing the petition *492 during the 90-day period under section 6226(a)(1). Respondent's motion to dismiss will be denied. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩