GOLD-N-TRAVEL, INC., WAYNE M. HASKINS, TAX MATTERS PERSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13774-87.        Filed November 21, 1989.

*Peter A. Cohen,* for the petitioner.
*Michael A. Urban,* for the respondent.

### OPINION

SCOTT, *Judge:* This case was heard by Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A(b) of the Code and Rule 180.[1] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

BUCKLEY, *Special Trial Judge:* This matter is before us on respondent's motion to dismiss for lack of jurisdiction.

Respondent determined that there were adjustments to the return filed by Gold-N-Travel, Inc., an S corporation, for the year ended December 31, 1983. By letter dated February 20, 1987, respondent sent a Notice of Final S Corporation Administrative Adjustment (FSAA) addressed to "Tax Matters Person," Gold-N-Travel, Inc.

On May 21, 1987, a petition was filed by Gold-N-Travel, Inc., through Wayne M. Haskins. Mr. Haskins was identified within the petition as the corporate tax matters partner [sic].

Respondent moves to dismiss on the ground that Wayne M. Haskins was not a shareholder of and had no profits interest in the corporation at the close of the taxable year 1983. Respondent's position is that only a shareholder can constitute a tax matters person (hereafter TMP), and that an officer nonshareholder cannot be so designated. Respondent goes on to contend that Bruce E. Baird is the proper TMP, as he is one of four shareholders having an equally large profits interest in the corporation and his name would appear first in an alphabetical listing of said shareholders. The Form 1120S, the subchapter S income tax return form, filed by the corporation for 1983 was executed by Wayne M. Haskins, as "President."

---

[1]Section references are to the Internal Revenue Code of 1954 as amended and in effect for the tax year at issue unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.

The Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1669, provides, inter alia, for a consideration of the tax treatment of items of subchapter S income deductions and credits in a unified proceeding rather than in separate proceedings with shareholders. Thus, section 6241 provides that the treatment of any subchapter S item shall be determined at the corporate level. Each shareholder is to be given notice of, and the right to participate in, any administrative or judicial proceeding for the determination at the corporate level of any subchapter S item. Sec. 6243. Certain of the TEFRA partnership provisions are made applicable to subchapter S items by section 6244 which provides:

SEC. 6244. CERTAIN PARTNERSHIP PROVISIONS MADE APPLI-
CABLE.
  The provisions of—
    (1) subchapter C which relate to—
      (A) assessing deficiencies, and filing claims for credit or refund, with respect to partnership items, and
      (B) judicial determination of partnership items, and
    (2) so much of the other provisions of this subtitle as relate to partnership items,

are (except to the extent modified or made inapplicable in regulations) hereby extended to and made applicable to subchapter S items.

These provisions are applicable to tax years beginning after December 31, 1982. The Secretary has not yet issued regulations under section 6244 setting forth procedures to be followed and thus has not "modified or made inapplicable" any of the partnership provisions.[2] However, in his instructions regarding the filing of the 1983 Form 1120S, respondent set forth a procedure for designation of a TMP:

---

[2]We have previously considered cases which have arisen as a result of the failure of the Internal Revenue Service to promulgate regulations in regard to the subch. S audit provisions enacted in 1982. Thus, in *Blanco Investments & Land, Ltd. v. Commissioner,* 89 T.C. 1169 (1987), we held that the small partnership exception set forth in sec. 6231(a)(1)(B) was applicable to S corporation audits by sec. 6244(2) so that an S corporation with but one shareholder was exempt from S corporation audit and litigation procedures in 1983. See also *111 West 16 St. Owners, Inc. v. Commissioner,* 90 T.C. 1243 (1988), where we refused to extend our *Blanco* holding to a three-shareholder S corporation, and held respondent's Notice of Final S Corporation Administrative Adjustment to the corporation to be within respondent's discretion. Compare *Miller v. United States,* 710 F. Supp. 1377 (N.D. Ga. 1989).

Designation of Tax Matters Person (TMP)

An S corporation may designate an individual shareholder as the TMP for a specific corporate tax year by attaching a statement to the return that:

1. Identifies by name, address, and taxpayer identification number the corporation and the individual shareholder designated as the TMP, and

2. Declares that the attached statement is a designation of a TMP for the tax year to which the return relates (an S corporation may not designate a TMP for any tax year other than the year for which the return is being filed), and

3. Is signed by a corporate officer authorized to sign the corporation's return.

No such designation was made here.

Respondent contends that the provisions of section 6231(a)(7)(B) regarding partnership designation of a tax matters partner apply through the incorporating provisions of section 6244 and accordingly, only someone with a profit interest in the corporation may be the TMP. Respondent appears to be taking the position that his instructions are controlling on the selection of a TMP, that only a shareholder may be chosen and only through the method set forth. We reject that position in regard to his instructions, although we come to somewhat the same result by recourse to the statutory framework in regard to S corporations. See *Green v. Commissioner*, 59 T.C. 456, 458 (1972).

Section 6231(a)(7) of the Code defines a tax matters partner of any partnership as (a) the general partner so designated or (b) lacking such designation, the general partner with the largest profit interest, or if more than one such partner, the person whose name would appear first in an alphabetical listing. The section goes on to provide that if no general partner has been designated and the Secretary determines that the alphabetical listing is impracticable, the partner selected by the Secretary shall be treated as the tax matters partner.

Our concern must be to apply these partnership provisions to the determination of a TMP in a subchapter S context. This is a matter of first impression.

We turn to the provisions regarding designation of a TMP. In grafting the partnership provisions onto S corporation

audits, Congress planned that the partnership rules be modified by Treasury regulations to take account of the differences between a corporation and a partnership. The Senate Finance Committee report noted:

For example, the selection of a person to act on behalf of the corporation in the way the tax matters partner acts on behalf of a partnership must take into account that a corporation has no person to correspond to a general partner, as such (since the corporate shareholders are not liable for the corporation's debts, as is a general partner). * * * [S. Rept. 97-640 (1982), 1982-2 C.B. 718, 729. See also H. Rept. 97-826 (1982), 1982-2 C.B. 730, 741.]

In the absence of regulations, however, we can do no more than attempt to apply the partnership rules regarding designation of a TMP to the S corporation situation. Accordingly, we hold that the TMP of a subchapter S corporation must be a shareholder of that corporation. Petitioner, Wayne M. Haskins, while corporate president, does not have such a shareholder interest. In the absence of a designation of TMP, we hold that the shareholder[3] with the largest profit interest in the year involved is the TMP. If more than one shareholder falls into this category, the person whose name would appear first in an alphabetical listing is the TMP. If that person refuses to act, the Secretary may designate another shareholder as TMP or any other shareholder may so act.

Respondent has moved to dismiss this petition which was filed on May 21, 1987, for lack of jurisdiction. We note that respondent, by answer filed July 20, 1987, admitted that Wayne M. Haskins was "tax matters partner" [sic]; that respondent attended a pretrial conference on October 4, 1988, in Houston, and did not raise this question until July 24, 1989, shortly after this matter was set for trial. Under these circumstances, we do not agree that this petition *must* be dismissed.

In our discretion, we view the petition as an imperfect petition, the defects of which may be cured by the filing of

[3]Respondent contends that there are only four shareholders. We note that sec. 301.6241-1T(c)(2)(ii), Temp. Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), provides that where an S corporation consists of five or fewer shareholders, the tax treatment shall not be determined at the corporate level. The Temporary Regulation, however, is applicable only to the taxable year of an S corporation when the due date of the return is on or after Jan. 30, 1987. The adjustments at bar were for the year ended Dec. 31, 1983, and hence the Temporary Regulation is inapplicable.

an amended petition by any appropriate shareholder if there is evidence that Mr. Haskins, the president of the corporation, was duly authorized to file the original on behalf of the nonsigning TMP shareholder. As we stated in *Summerland Partnership v. Commissioner*, T.C. Memo. 1988-548:

> The law is clear that when an individual or entity that is not a tax matters partner files a petition on behalf of a partnership within the 90-day period provided under section 6226(a) the petition will not be regarded as commencing a partnership action. *Computer Programs Lambda, Ltd. v. Commissioner*, 89 T.C. 198, 202 (1987). Such a petition, however, will not always be immediately dismissed on the filing of a motion by respondent. Defects in an imperfect petition may be cured by the filing of an amended petition if there is evidence that the original signatory was duly authorized to file the original petition on behalf of the non-signing petitioner. Rules 60(a) and 41(d), Tax Court Rules of Practice and Procedure; *Sente Investment Club Partnership of Utah, Zell Mills, Tax Matters Partner v. Commissioner*, T.C. Memo. 1988-376. See also *Brooks v. Commissioner*, 63 T.C. 709, 713-715 (1975). The grant or denial of a motion to amend an imperfect petition is within the Court's discretion. *Brooks v. Commissioner, supra* at 714; Rule 60(a), Tax Court Rules of Practice and Procedure.

Accordingly, we will withhold our action on respondent's motion for 60 days from the date of filing of this opinion.

*An appropriate order will be entered 60 days from the filing of the opinion.*

