MODERN COMPUTER GAMES, INC., CARL D. RADER, TAX MATTERS PERSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1866-89.          Filed June 20, 1991.

*Kirk A. McCarville,* for the petitioner.
*Christine V. Olsen,* for the respondent.

OPINION

NIMS, *Chief Judge:* This case was assigned to Special Trial Judge Buckley pursuant to the provisions of section 7443A(b).[1] After a review of the record, we agree with and adopt her opinion which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

BUCKLEY, *Special Trial Judge:* This matter is before us on petitioner's motion for summary judgment under Rule 121. Petitioner, the tax matters person of Modern Computer Games, Inc. (Games), a subchapter S corporation, contends that the statutory period of limitations bars respondent's determination of adjustments to Games' 1983 S corporation return, and that petitioner is entitled to judgment as a matter of law. Our decision turns on the effect we give to the written consent executed by one of Games' shareholders to extend the period of limitations. Respondent argues that a valid consent was executed; petitioner argues to the contrary.

Games was incorporated under the laws of Arizona in 1983, and at the time the petition in this case was filed had its principal place of business at Phoenix, Arizona. At all relevant times the shareholders in Games and their respective percentages of ownership were as follows:

| Shareholder | Ownership percentage |
|---|---|
| Robert C. and Carol Jobe | 20% |
| Carl D. and Harriette Rader | 20 |
| William T. and Carolyn Leister | 38 |
| Kenneth Medlin | 22 |

The corporate board of directors included Robert C. Jobe, Carl D. Rader (Mr. Rader), William T. Leister (Mr. Leister), and Kenneth Medlin. Games filed Form 1120S, U.S. Income Tax Return for an S Corporation, for the taxable year ended December 31, 1983.

Sometime in 1986 respondent's revenue agent began an examination of Games' 1983 tax return. A tax matters

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code as amended and in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

person (TMP)[2] of Games was never designated in accordance with the regulations; however, Games, in a letter dated March 21, 1986, signed by Mr. Rader as Secretary and Treasurer, advised respondent's agent as follows:

Inasmuch as I am both the Secretary and Treasurer for our firm—MODERN COMPUTER GAMES—, Mr. Leister has asked that I respond to your correspondence of March 14. I will also be responsible for any future correspondence regarding this matter.

In December 1986, respondent requested that Games consent to an extension of time for the assessment of tax. On December 10, 1986, Mr. Leister, on behalf of Games, executed Internal Revenue Service Form 872-R, Special Consent to Extend the Time to Assess Tax Attributable to Items of an S Corporation. The Internal Revenue Service received the executed Form 872-R on December 15, 1986. By its terms, the Form 872-R, if validly executed, extended the time for respondent to issue a notice of final S corporation administrative adjustment (FSAA) until 90 days after such time as either party notified the other, via Form 872-Q, of termination of the consent. Petitioner does not contend that there was a termination of consent; he contends only that a valid consent was never given. Mr. Leister signed the consent on the line labeled "Tax Matters Person Signature Here." The instructions to the consent state:

The Tax Matters Person of the S Corporation in which the item arose (or any person authorized by the S Corporation in writing) may consent to extend the 4-year period of limitation for all shareholders. If the person signing this consent is authorized to do so in writing, please attach a copy of the written authorization.

\* \* \* \* \* \* \*

The S Corporation may restrict the authority of any (or all) shareholder(s) to sign this consent by notifying the Service in writing. In this event, please attach a copy of the notification.

Mr. Leister, as stated above, held the largest share interest in Games.

---

[2] We point out at the outset that certain of the so-called TEFRA partnership provisions (secs. 6221 through 6231), including those relating to designation of the TMP (sec. 6231(a)(7)) are made applicable to S corporations. Sec. 6244; *Gold-N-Travel, Inc. v. Commissioner*, 93 T.C. 618 (1989). The term "tax ·matters partner," as used in the TEFRA partnership provisions, has been coined "tax matters person" with respect to S corporations.

By FSAA, dated October 31, 1988, respondent determined adjustments to Games' 1983 S corporation return. A petition for readjustment was filed with this Court on January 27, 1989, 88 days after the mailing of the FSAA. The petition was filed and signed by Mr. Rader as TMP of Games.

Respondent moved this Court to dismiss the petition for want of jurisdiction on the ground that it was not filed in accordance with section 6226, which provides that only the TMP may petition the Tax Court during the 90-day period following the mailing of the FSAA. Respondent argued that under section 6231(a)(7), in the absence of a designation of a TMP by the S corporation, one is to be determined by looking to the shareholder with the largest interest in profits. Since no TMP had been designated, respondent maintained that Mr. Leister, having the largest shareholder interest in Games, was the proper person to have filed the petition, not Mr. Rader.

In our Memorandum Opinion, T.C. Memo. 1989-483, we held that Mr. Rader was the proper party to file the petition in this case. We followed *Chomp Associates v. Commissioner*, 91 T.C. 1069 (1988), wherein we said that the obvious purpose behind the regulations promulgated under section 6231(a)(7) for ascertaining a TMP[3] is to insure there is a party to whom respondent can properly mail the FPAA (or FSAA in the case of an S corporation). We noted that that concern is not present where the issue is whether the party filing a petition with this Court was authorized as TMP to do so. We further noted that the two factors present in *Chomp Associates* which we found dispositive were also present here; prior to filing the petition, Mr. Rader was both eligible and specifically authorized by the other shareholders to be TMP.[4] We therefore concluded that Mr. Rader properly filed the petition as TMP of Games and

---

[3]Sec. 301.6231(a)(7)-1T, Temporary Proceed. & Admin. Regs., 52 Fed. Reg. 6791 (Mar. 5, 1987).

[4]The board of directors, by affidavit dated Mar. 29, 1989, in connection with respondent's motion to dismiss for lack of jurisdiction, stated: "On or about Oct. 31, 1988, the Internal Revenue Service issued a notice of final S corporation administrative adjustment to shareholders of the corporation. We authorized Mr. Rader to file a petition with the United States Tax Court as tax matters person contesting the determinations of that notice. The petition filed with the United States Tax Court and assigned docket number 1866-89 was filed in accordance with the authorization."

denied respondent's motion to dismiss. In so doing, we also made the following observation:

At the hearing of this motion, respondent indicated that the identity of the TMP in this case might have some impact on the validity of a consent to extend the statute of limitations for Games' 1983 return, which was executed by Leister. A determination as to the identity of the TMP at the time such consent was executed, however, is not necessary to the disposition of the motion now before the Court. * * * [T.C. Memo. 1989-483, 58 T.C.M. 23, 25, 58 P-H Memo T.C. par. 89,483 at 2397.]

Petitioner now moves for summary judgment on the theory that Mr. Leister was not the TMP of Games and therefore could not give valid written consent to an extension of the statutory period of limitations. Unquestionably, the FSAA was mailed by respondent beyond the period of limitations set forth in section 6229(a); however, that period may be extended as to all shareholders by an agreement entered into by the Secretary and the tax matters person (or any other person authorized by the S corporation in writing to enter into such an agreement). Sec. 6229(b)(1)(B). There has been no suggestion that Mr. Leister was authorized in writing by Games to enter into a consent agreement with respondent. Thus, if Mr. Leister was without authority to enter into the consent agreement as TMP, the consent agreement would be ineffective to extend the period of limitations pursuant to section 6229(b)(1)(B). Consequently, the issue which we refrained from addressing previously is now squarely before us.

We have examined the pleadings in this case as well as the memoranda, affidavits, and exhibits submitted by the parties in support of their positions. There is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Rule 121; *Espinoza v. Commissioner*, 78 T.C. 412, 416 (1982). We hold that the consent executed by Mr. Leister was valid to extend the period of limitations with respect to all shareholders pursuant to section 6229(b)(1)(B); therefore, petitioner's motion for summary judgment will be denied.

We begin with the premise established in *Chomp Associates v. Commissioner, supra,* that the obvious purpose behind the statutory and regulatory framework of section 6231(a)(7) for determining the TMP is to provide respondent

with the name and address of the proper party for issuance of the FSAA. Respondent has a strong interest in having the TMP designated up until the time of the issuance of the FSAA. It is only after that point in time that respondent's interest is diminished.

Clearly, when respondent seeks to enter into an agreement with an S corporation to extend the statutory period of limitations for the assessment of tax, he does so to preserve his ability to issue the requisite notice where he otherwise would be foreclosed from doing so because administrative proceedings threaten to outlast the limitations period. Therefore, in such a situation, invoking the TEFRA provisions and related regulations concerning the designation of a TMP serves the purpose for which they were promulgated. So, where the S corporation has failed to expressly designate the TMP *prior to respondent's issuance of the FSAA*, respondent may look to the shareholder with the largest interest in profits and treat him or her as TMP. Sec. 6231(a)(7)(B); *Gold-N-Travel, Inc. v. Commissioner*, 93 T.C. 618 (1989).

Petitioner argues that if Mr. Rader was the proper party to petition the Tax Court as TMP of Games, as we have so ruled, then Mr. Leister could not have been the TMP when he executed the consent agreement to extend the limitations period. Petitioner concludes therefore that no valid agreement was executed under section 6229(b)(1)(B). We find petitioner's reasoning faulty. At the time the consent agreement was executed, Games had made no designation of a TMP. Mr. Leister was the shareholder with the greatest interest in the profits of Games and therefore respondent determined, in accordance with section 6231(a)(7)(B), he was the TMP. The fact that Games chose later to redesignate the TMP as Mr. Rader for purposes of petitioning this Court has no bearing on respondent's prior determination.

Petitioner also argues that respondent was notified prior to Mr. Leister's execution of the consent agreement that Mr. Rader was TMP of Games, and that respondent acknowledged such as a designation. The documents to which petitioner refers us do not support this contention. In the March 21, 1986, letter from Mr. Rader to respondent's agent, Mr. Rader merely stated he would be responsible for

all future correspondence regarding respondent's examination. This letter can hardly be construed as a designation of TMP, and Mr. Rader was not in a position to designate himself. Respondent's subsequent mailing of certain correspondence to Mr. Rader as an accommodation cannot be construed as an acknowledgment that Mr. Rader was designated as TMP.

In light of the foregoing,

*An order will be issued denying the petitioner's motion for summary judgment.*