T.C. Memo. 1997-332


UNITED STATES TAX COURT


PRIMCO MANAGEMENT COMPANY,
ALFRED DREYFUS GOLDMAN REVOCABLE LIVING TRUST,
ALFRED D. GOLDMAN, FIDUCIARY, TAX MATTERS PERSON, Petitioner
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13146-96.                    Filed July 23, 1997.


Clarke Lewis Randall, for petitioner.

William A. Heard III, for respondent.


MEMORANDUM OPINION


ARMEN, Special Trial Judge: This matter is before the Court
on petitioner's Motion to Dismiss for Lack of Jurisdiction. The
issue to be decided is whether an S corporation, whose sole
shareholders are two grantor trusts, constitutes a "small S
corporation" within the meaning of section 301.6241-1T(c)(2),

Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), that is excluded from the unified S corporation audit and litigation procedures prescribed by sections 6241 through 6245.[1]

Background

On March 26, 1996, respondent issued a Notice of Final S Corporation Administrative Adjustment (FSAA) to the tax matters person (TMP) of Primco Management Company (Primco) determining adjustments to Primco's tax returns for 1990, 1991, and 1992. On June 24, 1996, Julian P. Kornfeld, Esq., filed a petition for readjustment on behalf of Primco contesting the above-described notice. The petition includes allegations that Primco is a small S corporation that is not subject to the unified S corporation audit and litigation procedures.

Respondent filed an answer to the petition denying the allegation that Primco is not subject to the unified S corporation audit and litigation procedures. In particular, respondent alleges that, during the years in issue, Primco's sole shareholders were the Alfred Dreyfus Goldman Revocable Living Trust and the Monty H. Goldman Revocable Living Trust (collectively referred to hereinafter as the trusts). Respondent further contends that the trusts are not "natural persons" within the meaning of section 301.6241-1T(c)(2), Temporary Proced. &

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), and, therefore, that Primco is not excluded from the unified S corporation audit and litigation procedures.

A reply to respondent's answer, filed on behalf of Primco, includes allegations that, because revocable trusts are regarded as a nullity for Federal income tax purposes, it is appropriate to conclude that Primco's sole shareholders are the two individual grantors of the trusts for purposes of determining whether Primco is a small S corporation under the governing regulation.[2]

By order dated October 3, 1996, Primco was directed to file an amendment to petition identifying Primco's tax matters person, as well as the name and address of the shareholder commencing the case.[3] Shortly thereafter, the Court received and filed an amendment to petition, which indicates that Primco's tax matters person (and the shareholder commencing the case) is Alfred D.

---

[2] Although the reply filed on behalf of Primco includes allegations that Primco was not owned by the trusts during the years in issue, counsel for petitioner subsequently conceded at the hearing of this matter that Primco was owned by the trusts during the years in issue.

[3] The pleadings filed in this case on behalf of Primco do not comply with the controlling statutory provisions, which generally require that a petition for readjustment be filed by the tax matters person or a shareholder other than the tax matters person. See secs. 6244 and 6226; Rule 240(c)(1)(B); Gold-N-Travel, Inc. v. Commissioner, 93 T.C. 618 (1989).

Goldman.[4]  The amendment to petition restates the position that Primco is not subject to the unified S corporation audit and litigation procedures.

Petitioner subsequently filed a Motion to Dismiss for Lack of Jurisdiction consistent with the position outlined above. Respondent filed an objection to petitioner's motion to dismiss.

This matter was called for hearing at the Court's motions session in Washington, D.C., on May 28, 1997.  Counsel for the parties appeared at the hearing and presented argument with respect to petitioner's motion.

Discussion

The issue to be decided is whether the unified S corporation audit and litigation procedures contained in sections 6241-6245 apply to Primco, an S corporation whose sole shareholders during the years in issue were two grantor trusts. If we conclude that the unified procedures do not apply, then the FSAA issued to Primco is invalid, and we must dismiss this case for lack of jurisdiction.

Subchapter D of chapter 63 of subtitle F was codified by section 4(a) of the Subchapter S Revision Act of 1982, Pub. L.

---

[4]  Notwithstanding the recitals in the amendment to petition, the Court ultimately changed the caption of this case to read "Primco Management Company, Alfred Dreyfus Goldman Revocable Living Trust, Alfred D. Goldman, Fiduciary, Tax Matters Person, Petitioner v. Commissioner of Internal Revenue, Respondent".

97-354, 96 Stat. 1691-1692.[5]  Subchapter D provides that the items of income, loss, deduction, and credit of S corporations generally will be determined in a unified manner at the corporate level as opposed to the individual shareholder level.

Section 6241 provides express authority for the Secretary to prescribe regulations that create exceptions to the unified S corporation audit and litigation procedures.  On January 27, 1987, the Secretary promulgated section 301.6241-1T(c)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), providing an exception to the unified S corporation audit and litigation procedures for small S corporations.  Section 301.6241-1T(c)(2), Temporary Proced. & Admin. Regs., is effective for any taxable year of an S corporation the due date of the return for which is on or after January 30, 1987.  Sec. 301.6241-1T(c)(2)(i), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987).  The section provides in pertinent part as follows:

> (2) Exception for small S corporations--
>
> *    *    *    *    *    *    *
>
> (ii) Five or fewer shareholders.  For
> purposes of this paragraph (c), an S corporation shall
> not include a small S corporation.  A small S
> corporation is defined as an S corporation with 5 or

---

[5] Subchapter D, consisting of secs. 6241 through 6245, was repealed applicable to tax years beginning after Dec. 31, 1996. Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1307(c)(1), 110 Stat. 1755, 1781.

fewer shareholders, each of whom is a natural person or an estate. * * * The limitation is applied to the number of natural persons and estates that were shareholders at any one time during the taxable year of the corporation. * * *

(iii) <u>Special rule</u>. The exception provided in paragraph (c)(2)(ii) of this section does not apply to an S corporation for a taxable year if any shareholder in the corporation during that taxable year is a pass-through shareholder. For purposes of this paragraph (c)(2)(iii), a pass-through shareholder is--

(A) A trust;
(B) A nominee; or
(C) Other similar pass-through persons through whom other persons have an ownership interest in the stock of the S corporation.

For purposes of the preceding sentence, a shareholder's estate shall not be treated as a pass-through shareholder. [Sec. 301.6241-1T(c)(2)(ii) and (iii), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987).]

In sum, section 301.6241-1T(c)(2), Temporary Proced. & Admin. Regs., provides an exception to the unified audit and litigation procedures for a small S corporation, which is defined as an S corporation with five or fewer shareholders, each of whom is a natural person or an estate. However, the small S corporation exception does not apply for a taxable year if any shareholder in the corporation during that taxable year is a pass-through shareholder such as a trust, nominee, or similar pass-through person.

Petitioner contends that the special rule set forth in section 301.6241-1T(c)(2)(iii), Temporary Proced. & Admin. Regs., does not apply in this case because Primco's sole shareholders

during the years in issue were two grantor trusts.  Petitioner

reasons that, by virtue of the general attributes of a grantor

trust, as well as the particular treatment afforded a grantor

trust as a permitted shareholder of an S corporation, the deemed

owners of the trusts should be considered Primco's shareholders

for purposes of applying section 301.6241-1T(c)(2), Temporary

Proced. & Admin. Regs.  In this regard, petitioner relies

primarily upon section 1361(c)(2), which provides that a grantor

trust may be a shareholder of an S corporation and that the

deemed owner of the trust will be treated as the shareholder.[6]

---

[6]  Sec. 1361(c)(2)(B)(i) provides in pertinent part:

(c) Special Rules for Applying Subsection (b).--

    *     *     *     *     *     *     *

    (2) Certain trusts permitted as shareholders.--

        (A) In general.--For purposes of subsection (b)(1)(B), the following trusts may be shareholders:

            (i) A trust all of which is treated (under subpart E of part I of subchapter J of this chapter) as owned by an individual who is a citizen or resident of the United States.

        *     *     *     *     *     *     *

        (B) Treatment as shareholders.--For purposes of subsection (b)(1)--

            (i) In the case of a trust described in clause (i) of subparagraph (A), the deemed owner shall be treated as the shareholder.

(continued...)

Petitioner argues that his position is further supported by section 301.6109-1(a)(2), Proced. & Admin. Regs., which provides that a grantor trust is not required to obtain a separate tax identification number, and by section 1.671-4(b), Income Tax Regs., which provides that a grantor trust is not required to file a separate tax return.

We begin our analysis with the observation that section 1361(c)(2), which provides that a grantor trust may be a shareholder of an S corporation and that the deemed owner of such grantor trust will be treated as the shareholder of the S corporation, expressly states that the provision applies for purposes of section 1361(b), which is part of subtitle A. Significantly, section 1361 makes no reference to its applicability to section 6241, which is part of subtitle F, or the regulations thereunder, nor is there any cross-reference in subtitle F to section 1361. Equally important, the two provisions are designed to serve two wholly independent purposes. On the one hand, section 1361(c) is a substantive provision of law--its primary purpose is to define the types of trusts that are permitted to be shareholders of an S corporation. In contrast, section 301.6241-1T(c)(2), Temporary Proced. & Admin. Regs., is a procedural provision that defines the circumstances

_____

⁶(...continued)
Subpart E of part I of subchapter J contains the so-called grantor trust provisions.

under which an S corporation will qualify for the small S corporation exception to the unified S corporation audit and litigation procedures.  Considering the independent purposes that section 1361(c) and section 301.6241-1T(c)(2), Temporary Proced. & Admin. Regs., are designed to serve, and consistent with accepted principles of statutory construction, we do not treat section 1361(c) as a limitation or qualification on the otherwise plain meaning of section 301.6241-1T(c)(2)(iii), Temporary Proced. & Admin. Regs.

Petitioner's reliance on section 1.671-4(b), Income Tax Regs., and section 301.6109-1(a)(2), Proced. & Admin. Regs., is likewise misplaced.  Although these provisions indicate that a grantor trust generally is not treated as a separate taxable entity for purposes of the Federal income tax, it is clear, as discussed above, that a grantor trust, to the extent it constitutes a form of pass-through entity, is not disregarded with respect to the application of the unified audit and litigation procedures.

Section 301.6241-1T(c)(2), Temporary Proced. & Admin. Regs., plainly states that the small S corporation exception to the unified S corporation audit and litigation procedures only applies to an S corporation with five or fewer shareholders each of whom is a natural person or estate.  The small S corporation exception does not apply to an S corporation for a taxable year

if any shareholder in the corporation during that taxable year is a pass-through shareholder; i.e., a trust, nominee, or similar pass-through person.  Because Primco's sole shareholders during the years in issue were two grantor trusts, we hold that Primco does not qualify under the small S corporation exception to the unified S corporation audit and litigation procedures, section 301.6241-1T(c)(2), Temporary Proced. & Admin. Regs., and, therefore, that the FSAA issued to Primco is valid. Consequently, we shall deny petitioner's Motion to Dismiss for Lack of Jurisdiction.

To reflect the foregoing,

<u>An order will be issued denying petitioner's Motion to Dismiss for Lack of Jurisdiction</u>.