**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SEAVIEW TRADING, LLC AND
ROBERT KOTICK,
  *Petitioners-Appellants*,

v.

COMMISSIONER OF INTERNAL
REVENUE,
  *Respondent-Appellee.*

No. 15-71330

Tax Ct. No.
1744-11

OPINION

Appeal from the United States Tax Court

Argued and Submitted April 7, 2017
Pasadena, California

Filed June 7, 2017

Before: MILAN D. SMITH, JR. and N. RANDY SMITH,
Circuit Judges, and GARY FEINERMAN, District Judge.[*]

Opinion by Judge Milan D. Smith, Jr.

---

[*] The Honorable Gary Feinerman, United States District Judge for
the Northern District of Illinois, sitting by designation.

## SUMMARY[**]

### Tax

The panel affirmed the Tax Court's dismissal, for lack of jurisdiction, of a petition challenging a notice of Final Partnership Administrative Adjustment.

Robert Kotick and his father formed Seaview Trading, LLC, a limited liability company, which federal tax regulations treat as a partnership. Seaview acquired an interest in a common trust fund which reported a loss that was allocated to its investors, including Seaview. After an audit of Seaview, the IRS issued a FPAA disallowing the loss from Seaview's trust investment and imposed penalties.

Because Kotick contended that Seaview was a small partnership not subject to the audit procedures under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), the panel first held that entities that are disregarded for federal tax purposes may nevertheless constitute pass-thru partners under 26 U.S.C. § 6231(a)(9), such that the small-partnership exception under § 6231 does not apply and the partnership is therefore subject to the TEFRA audit procedures. The panel determined that resolution of this question was inextricably intertwined with the contention that Kotick had standing to file a petition for readjustment of partnership items on behalf of his purported small partnership.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

As to standing, the panel held that, because a party (Kotick) other than Seaview's tax matters partner filed a petition for readjustment of partnership items after the partnership had timely done the same, the Tax Court lacked jurisdiction under 26 U.S.C. § 6226.

## COUNSEL

Daniel Benjamin Levin (argued), Jessica Barclay-Strobel, and Ronald L. Olson, Munger Tolles & Olson LLP, Los Angeles, California; David W. Foster and Armando Gomez, Skadden Arps Slate Meagher & Flom LLP, Washington, D.C.; for Petitioners-Appellants.

Andrew Weiner (argued) and Richard Farber, Attorneys; Tax Division, United States Department of Justice, Washington, D.C.; for Respondent-Appellee.

**OPINION**

M. SMITH, Circuit Judge:

This appeal presents the question of whether entities that are disregarded for federal tax purposes may nevertheless constitute pass-thru partners under 26 U.S.C. § 6231(a)(9) such that their partnership is not eligible for the small-partnership exception contained in § 6231. For the reasons stated in this opinion, we hold that an entity's disregarded status does not preclude its classification as a pass-thru partner.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2001, Robert Kotick (Kotick) and his father Charles Kotick (C. Kotick) formed a Delaware limited liability company (LLC), Seaview Trading, LLC (Seaview). Federal tax regulations treat Seaview as a partnership. *See* Treas. Reg. § 301.7701-3(b)(1)(i). The Koticks each held their respective interests in Seaview through Delaware LLCs: AGK Investments LLC (AGK), owned wholly by Kotick, and KMC Investments LLC (KMC), owned wholly by C. Kotick.

Seaview acquired an interest in a common trust fund, which in 2001 reported a loss that was allocated to its investors—including Seaview. Kotick reported the loss arising from Seaview's interest in the trust fund on his 2001 Form 1040. In 2004, the Internal Revenue Service (IRS) audited Kotick's 2001 Form 1040, at which time it became aware of Kotick's claimed loss resulting from Seaview's investment. At the conclusion of the audit, the IRS disallowed certain transaction expenses relating to Seaview, and assessed additional taxes. It did not, however, disallow the loss that Kotick had reported on his individual tax return

as a result of Seaview's trust investment. The statute of limitations for Kotick's 2001 Form 1040 expired in July 2005. 26 U.S.C. § 6501(a).

The IRS began an audit of Seaview in October 2005. Five years later, in October 2010, the IRS issued a final partnership administrative adjustment (FPAA) notice disallowing the loss from Seaview's trust investment and imposing penalties. Kotick filed a petition in tax court on behalf of Seaview challenging the IRS's notice in regard to Seaview's 2001 taxes. Kotick argued that the IRS's notice was invalid because Seaview was exempt from the otherwise-applicable partnership audit pursuant to the small-partnership exception set forth at 26 U.S.C. § 6231(a)(1)(B)(i). AGK filed a separate petition seeking the same relief.

The IRS moved to dismiss Kotick's petition for lack of jurisdiction, arguing that (1) Seaview did not fall within the § 6231 small-partnership exception, and (2) Kotick lacked standing to file the petition on behalf of Seaview because he was not Seaview's tax matters partner. In March 2015, the tax court granted the IRS's motion. Kotick then filed this appeal.

## JURISDICTION AND STANDARD OF REVIEW

On March 11, 2015, the tax court issued an order dismissing Kotick's petition for lack of jurisdiction. That order constituted a final judgment as to all claims and all parties. Kotick timely noticed his appeal on April 30, 2015. 26 U.S.C. § 7483; Fed. R. App. P. 13(a). We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review *de novo* the tax court's dismissal of a petition for lack of jurisdiction. *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006).

## ANALYSIS

### I.  Disregarded Entities and the Tax Equity and Fiscal Responsibility Act of 1982

Under Treasury Regulation § 301.7701-3, "an eligible entity with a single owner can elect to be classified as an association or to be disregarded as an entity separate from its owner." Subsection (b)(1)(ii) of the regulation provides that a domestic eligible entity with a single owner will be "[d]isregarded as an entity separate from its owner" by default, unless the entity chooses otherwise. The activities of a disregarded entity "are treated in the same manner as a sole proprietorship, branch, or division of the owner," except in regard to the application of certain special employment and excise tax rules. Treas. Reg. § 301.7701-2(a).

The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, § 1(a), 96. Stat. 324, sets forth unified audit and litigation procedures applicable to partnerships. *See* 26 U.S.C. §§ 6221–6234. In a partnership-level proceeding, a tax court has jurisdiction to determine

> all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

*Id.* at § 6226(f). Under the exception provided by § 6231(a)(1)(B)(i), an entity will not be considered a "partnership" for the purposes of TEFRA's audit procedures

if the entity has "10 or fewer partners each of whom is an individual . . . , a C corporation, or an estate of a deceased partner."

Treasury Regulations provide a caveat to the exception contained in § 6231: The small-partnership exception in § 6231(a)(1)(B)(i) "does not apply to a partnership for a taxable year if any partner in the partnership during that taxable year is a pass-thru partner as defined in section 6231(a)(9)." Treas. Reg. § 301.6231(a)(1)-1(a)(2). TEFRA defines a pass-thru partner as any "partnership, estate, trust, S corporation, nominee, or other similar person through whom other persons hold an interest in the partnership." 26 U.S.C. § 6231(a)(9).

## II. Disregarded Single-Member LLCs Constitute Pass-Thru Partners

Appellants argue that under § 301.7701-3, the so-called "check-the-box" regulation, AGK and KMC were disregarded entities treated as sole proprietorships of their respective individual owners, and that consequently they could not constitute pass-thru partners within the meaning of Treasury Regulation § 301.6231(a)(1)-1. Seaview is correct in regard to its first contention—AGK and KMC were disregarded entities—but their disregarded status for the purpose of federal taxes does not preclude their classification as pass-thru partners under § 301.6231(a)(1)-1. To the contrary, every source cited by the parties has found that single-member LLCs qualify as pass-thru partners, regardless of their elected classification under § 301.7701-3. Seaview has provided no compelling reason for us to diverge from this consensus.

The IRS directly addressed the question of whether a disregarded entity may constitute a pass-thru partner in

Revenue Ruling 2004-88, 2004-2 C.B. 165.[1]  We have previously applied *Skidmore* deference to revenue rulings. *See Omohundro v. United States*, 300 F.3d 1065, 1068 (9th Cir. 2002) (per curiam).[2]  Under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), and the Supreme Court's decision in *United States v. Mead Corp.*, 533 U.S. 218 (2001), an agency's ruling "is eligible to claim respect according to its persuasiveness."   533 U.S. at 221 (citing *generally Skidmore*, 323 U.S. 134).  We consider multiple factors when exercising *Skidmore* review of agency action, including "the thoroughness and validity of the agency's reasoning, the consistency of the agency's interpretation, the formality of the agency's action, and all those factors that give it the power to persuade, if lacking the power to control." *Tualatin Valley Builders Supply, Inc. v. United States*, 522 F.3d 937, 942 (9th Cir. 2008); *see also Tablada v. Thomas*, 533 F.3d 800, 806–08 (9th Cir. 2008) (finding *Skidmore* deference warranted in light of the "rational

---

[1] A revenue ruling constitutes "an official interpretation by the [IRS] that has been published in the Internal Revenue Bulletin . . . for the information and guidance of taxpayers, Internal Revenue Service officials, and others concerned."   Treas. Reg. § 601.601(d)(2)(i)(a). Revenue rulings "do not have the force and effect of Treasury Department Regulations," but "are published to provide precedents to be used in the disposition of other cases, and may be cited and relied upon for that purpose." *Id*. § 601.601(d)(2)(v)(d).

[2] There is arguably some inconsistency between our application of *Skidmore* deference to the revenue ruling at issue in *Omohundro*, and our application of more deferential *Chevron* review to an informal statement from the Department of Housing and Urban Development in *Schuetz v. Banc One Mortgage Corp.*, 292 F.3d 1004, 1012 (9th Cir. 2002). *See Tualatin Valley Builders Supply, Inc. v. United States*, 522 F.3d 937, 941 (9th Cir. 2008) (noting the tension between *Omohundro* and *Schuetz*). We need not address this tension, however, as Revenue Ruling 2004-88 warrants deference even under the less deferential *Skidmore* standard.

validity" and consistent application of an agency's position, despite the existence of reasonable alternative interpretations).

Applying *Skidmore*'s framework for reviewing agency rulings, Revenue Ruling 2004-88 carries persuasive, if not decisive, force, and therefore warrants judicial deference. Ruling 2004-88 concededly does not contain extensive discussion of its analysis; but the concise nature of its reasoning does not undercut its basic logic. Ruling 2004-88 starts by emphasizing that the definition of a "pass-thru" partner contained in § 6231(a)(9) includes "partnership[s], estate[s], trust[s], S corporation[s], *nominee[s] or [an]other similar person through whom other persons hold an interest in the partnership*." Rev. Rul. 2004-88 (quoting § 6231(a)(9)). In other words, the definition expressly contemplates its application beyond the specific enumerated forms. Single-member LLCs are indisputably entities "through whom other persons hold an interest in [a] partnership." The question, therefore, is whether a single-member LLC constitutes a "similar person" in respect to the enumerated entities. Ruling 2004-88 holds that the requisite similarity exists when "legal title to a partnership interest is held in the name of a person other than the ultimate owner." *Id*. In support of this holding, Ruling 2004-88 cites *White v. Commissioner*, 62 T.C.M. (CCH) 1181 (1991), in which the custodian for minor children was not a pass-thru partner because it did not hold legal title to the children's partnership interests. Ruling 2004-88 contrasts that result with the outcome in *Primco Management Co. v. Commissioner*, 74 T.C.M. (CCH) 177 (1997), in which a grantor trust holding legal title to an interest in an S corporation constituted a pass-thru shareholder. Ruling 2004-88 then goes on to state that,

> although LLC is a disregarded entity for federal tax purposes, LLC is a partner of P under the law of the state in which P is organized. Similarly, although A, LLC's owner, is a partner of P for purposes of the TEFRA partnership provisions under section 6231(a)(2)(B) because A's income tax liability is determined by taking into account indirectly the partnership items of P, A is not a partner of P under state law. *Because A holds an interest in P through LLC, A is an indirect partner and LLC, the disregarded entity, is a pass-thru partner under the TEFRA partnership provisions.* Consequently, the small partnership exception does not apply to P because P has a partner that is a pass-thru partner.

Rev. Rul. 2004-88 (emphasis added).

Seaview argues that Ruling 2004-88's analysis impermissibly treats state law as determinative of federal tax consequences, in contravention of Treasury Regulation § 301.7701-1(a)(1), *Littriello v. United States*, 484 F.3d 372 (6th Cir. 2007), and *Hecht v. Malley*, 265 U.S. 144 (1924). Each of Seaview's cited sources stands for the proposition that state business classifications do not supersede federal classifications for the purpose of assessing federal taxes. *See* Treas. Reg. § 301.7701-1(a)(1) ("Whether an organization is an entity separate from its owners for federal tax purposes is a matter of federal tax law and does not depend on whether the organization is recognized as an entity under local law."); *Littriello*, 484 F.3d at 379 ("The federal government has historically disregarded state classifications of businesses for some federal tax purposes."); *Hecht*, 265 U.S. at 161–63

(treating certain state trusts as "associations" within the meaning of the tax code, despite different treatment under state law).  But the issue here is not whether the IRS may use state-law entity classifications to determine federal taxes.  Rather, the question is whether an LLC's federal classification for federal tax purposes negates the factual circumstance in which the owner of a partnership holds title through a separate entity.  In other words, state law is relevant to Ruling 2004-88's analysis only insofar as state law determines whether an entity bears the requisite similarity to the entities expressly enumerated in § 6231(a)(9)—that is, whether an entity holds legal title to a partnership interest such that title is not held by the interest's owner.

Ruling 2004-88 is buttressed by the IRS's 2002 Chief Counsel Advice (CCA) memorandum, in which Chief Counsel for the IRS stated that "the test [for whether an entity is a "similar person" under § 6231(a)(9)] is simply whether title to the partnership interest is held through another person regardless of that person's tax classification." I.R.S. C.C.A. 200250012, 2002 WL 31781355 (Aug. 30, 2002).[3]  The CCA acknowledges the Treasury Regulations' sections providing for "classification [of entities] for federal tax purposes," and establishing that a given entity may be "[d]isregarded as an entity separate from its owner," but reasons that the non-exclusive definition of pass-thru partners contained in § 6231(a)(9) "indicates Congressional intent to make the TEFRA procedures apply whenever indirect partners exist whose identity will not be reflected on the face of the partnership return."  2002 WL 31781355

---

[3] Under 26 U.S.C. § 6110(k)(3), Chief Counsel Advice is not precedential.  It may, however, be relevant to the panel's *Skidmore* review of the consistency and logic of the agency's position.

(alterations in original). The CCA endorses *Primco*'s reasoning regarding application of the small-partnership exception to disregarded entities, noting *Primco*'s finding that "the entity classification statute . . . serve[s] a wholly independent purpose from the pass-thru partner provision of the small entity exception." *Id*. The former establishes the tax consequences for *that particular entity*, while the latter determines the application of TEFRA's unified audit procedures to a separate, higher-level partnership. Notably, the regulation establishing certain entities as "disregarded" did not exist at the time that Congress enacted either the small-partnership exception or the pass-thru partner provision. *Id*.

The CCA concludes by further justifying the rule from *Primco* on the ground that "any other rule would be unworkable." *Id*. Treating disregarded single-member LLCs as pass-thru partners avoids requiring the IRS "to investigate the chain of ownership down two or more levels in order to determine whether TEFRA applies," and is thus consistent with the TEFRA provision indicating that the IRS may "rely upon the facts reported on a partnership return in determining whether TEFRA applies, if such reliance is reasonable." *Id.*; *see also* 26 U.S.C. § 6231(g).

Seaview argues that disregarded entities are not "persons" under 26 U.S.C. § 7701(a)(1), and therefore cannot be "similar persons" under the pass-thru partnership definition. Section 7701, however, expressly includes "corporation[s]" within its definition of persons. True, a single-member LLC's corporate form may be disregarded for federal tax purposes. But, as the language of Treasury Regulation § 301.7701-2(a) itself plainly indicates, that form is merely *disregarded*, not altered. In other words, the corporate form persists, but the tax consequences change. A

single-member LLC continues to be a single-member LLC, regardless of whether it is taxed as such. Consequently, a disregarded single-member LLC could still logically fall within § 7701(a)'s definition of a "person," insofar as the relevant regulation is concerned with the factual circumstances of partnership-interest ownership. A "nominee" is similarly a disregarded entity for federal tax purposes, but is nevertheless expressly included in the definition of a pass-thru partner. *See* 26 U.S.C. § 6231(a)(9).

Seaview provides no compelling reason to contravene the consistent stance of the IRS and the tax courts, which have uniformly treated disregarded single-member LLCs as pass-thru partners. Rather, it argues that (1) the IRS and the tax courts have themselves not provided sufficient reasoning to warrant deference, and (2) disregarded entities are not similar to the entities enumerated in 26 U.S.C. § 6231(a)(9). As discussed, *supra*, however, the IRS has taken a consistent position regarding the treatment of disregarded entities as pass-thru partners, supported by reasoning set forth in both informal and formal statements. Revenue Ruling 2004-88 is thus entitled to deference under *Skidmore*. Moreover, Seaview's expansive reading of the consequences of an entity's disregarded status under Treasury Regulation § 301.7701-2 conflicts with the logical interpretation of a pass-thru partner as one that holds title to a partnership interest but is not the interest's ultimate owner—an interpretation that accords with the nature of the enumerated entities in the statute, and the provision's concern with entities "through whom other persons hold an interest in the partnership." 26 U.S.C. § 6231(a)(9).

For these reasons, we hold that disregarded single-member LLCs constitute pass-thru partners under § 6231(a)(9).

### III.    Kotick Lacked Standing to File the Petition on Seaview's Behalf

We generally may not address the merits of a case where we find, as we do here, that the party bringing the action lacks standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). However, because Seaview's merits argument regarding AGK's status as a disregarded entity underlies, and is inextricably intertwined with, its contention that Kotick had standing to file the petition on Seaview's behalf, resolution of the merits question is necessary to our holding that Kotick lacked standing. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243 n.5 (1983) (noting that the case was "in the class of those where standing and the merits are inextricably intertwined") (internal quotation marks omitted); *United States v. $186,416.00 in U.S. Currency*, 722 F.3d 1173, 1175 (9th Cir. 2013) (same).

The tax court found that AGK was Seaview's tax matters partner, and that Kotick, "a party other than Seaview's tax matters partner, filed a petition within 90 days of the date the FPAA was mailed." As the tax court explained, Seaview failed to designate a tax matters partner for 2001. Therefore, under 26 U.S.C. § 6231(a)(7)(B), Seaview's tax matters partner was the "general partner having the largest profits interest." *See also* Treas. Reg. § 301.6231(a)(7)–1(m)(2). AGK held a 99.15% interest in Seaview, and was thus the tax matters partner. 26 U.S.C. § 6231(a)(7)(B). The tax court rejected Seaview's contention that AGK's status as a single-member LLC precluded it from being Seaview's tax matters partner, citing to a tax court decision in which a single-member LLC and pass-thru partner was deemed the tax matters partner for a partnership. *See G-5 Inv. P'ship v. Comm'r*, 128 T.C. 186, 187 & n.4 (2007). Finally, the tax court held that "[p]ursuant to section 6226(a), AGK timely

filed a petition with [the tax court] relating to the year in issue, and [the tax court] therefore lack[ed] jurisdiction relating to Robert Kotick's petition." *Cf.* 26 U.S.C. §§ 6226, 6231(a)(7); Treas. Reg. § 301.6231(a)(7)-1, -2.

Seaview does not dispute the tax court's factual findings that AGK held the largest interest in Seaview, that AGK filed its own petition for relief, or that Kotick filed his petition within the 90-day period during which only the tax matters partner may file such a petition.  Seaview additionally presents no argument as to why the tax court erred in its analysis, beyond Seaview's general assertion that as a disregarded entity, AGK could not be tax matters partner.  As we discuss *supra*, an entity's disregarded status does not preclude its treatment as a separate, pass-thru partner for the purposes of applying TEFRA's procedures. Because he was not Seaview's tax matters partner, Kotick did not have standing to file the petition. And because Seaview offers no other argument or analysis regarding standing, any such argument is waived.  *See United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 336 (9th Cir. 2017) ("[A]rguments not raised by a party in its opening brief are deemed waived." (citation omitted)).

Accordingly, because a party other than Seaview's tax matters partner filed a petition for readjustment of partnership items after AGK had done the same and within 90 days of the IRS's mailing of the FPAA, the tax court lacked jurisdiction under 26 U.S.C. § 6226.

## CONCLUSION

For the reasons stated in this opinion, we AFFIRM the tax court's dismissal of Kotick's petition for lack of jurisdiction.