# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 18, 2011         Decided May 6, 2011

No. 09-5401

POLM FAMILY FOUNDATION, INC.,
APPELLANT

v.

UNITED STATES OF AMERICA AND INTERNAL
REVENUE SERVICE,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-00514)

*Emanuel J. Kallina II* argued the cause for appellant. With him on the briefs was *Elisabeth A. Koenig*.

*John Schumann*, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Jonathan S. Cohen*, Attorney.

Before: GINSBURG and GRIFFITH, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*:  This is an appeal from the judgment of the district court declaring that the Polm Family Foundation did not qualify as a public charity under § 509(a)(3) of the Internal Revenue Code.

The Foundation is a Maryland non-stock corporation. According to its current articles of incorporation, the Foundation exists to "conduct[] and support[] activities for the benefit of, to perform the functions of, and/or to carry out the purposes of" other organizations "which support, promote and/or perform public health and/or Christian objectives, including but not limited to Christian evangelism, edification and stewardship." To carry out this mission, the Foundation's articles of incorporation authorize it to accept gifts of property and "to exercise . . . all powers conferred upon non-stock corporations by the Maryland General Corporation Law."

In 2007, the Foundation applied for tax-exempt status under 26 U.S.C. § 501(c)(3), and for recognition as a public charity under 26 U.S.C. § 509(a)(3).  A year of correspondence with the Internal Revenue Service resulted in the Foundation amending its articles of incorporation and bylaws and altering the composition of its board of directors.  Still, the IRS did not reach a final determination on the Foundation's application.

Invoking jurisdiction under 26 U.S.C. § 7428, the Foundation sued in the United States District Court for the District of Columbia for a declaratory judgment that it was exempt from federal income taxes under § 501(c)(3) and that it qualified as a public charity under § 509(a)(3).  The IRS did not—and does not—dispute the Foundation's status under § 501(c)(3).  But it moved for summary judgment on the Foundation's claim for

recognition as a public charity. The district court granted the government's motion.

Section 501(c)(3) of the Internal Revenue Code provides that a corporation organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary or educational purposes is exempt from federal income taxes so long as no part of its net earnings inure to the benefit of a private individual and no substantial part of its activities involves lobbying or political activities. 26 U.S.C. § 501(a), (c)(3). Contributions to § 501(c)(3) organizations are deductible from the donor's income taxes, *id.* § 170(c), estate taxes, *id.* §§ 2055(a)(2), 2106(a), and gift taxes, *id.* § 2522(a).

Section 501(c)(3) organizations are either public charities or private foundations. All § 501(c)(3) organizations are considered private foundations unless they qualify for an exception under § 509(a). Because of congressional concern about privately financed organizations abusing their tax-exempt status, private foundations are subject to more restrictions than are public charities. The theory is that public charities are less likely to manipulate exemption from taxation because they are exposed "to public scrutiny and the[y] depend[] on public support." *Quarrie v. Comm'r of Internal Revenue*, 603 F.2d 1274, 1277 (7th Cir. 1979). We have nothing to do with the validity of the theory.

Public charities include churches, schools and hospitals, 26 U.S.C. § 509(a)(1); other publicly supported organizations, *id.* § 509(a)(2); and organizations supporting any of the above, *id.* § 509(a)(3). Supporting organizations are themselves of three types, defined by the intimacy of their relationship with their publicly supported organizations. Type I supporting organizations are the most closely connected to their publicly supported organizations; Type III, the least.

The Polm Family Foundation claimed that it was a Type II supporting organization under § 509(a)(3) and the implementing regulations, Treas. Reg. § 1.509(a)-4. To support this claim, the Foundation had to satisfy each of three separate tests: the organizational test, 26 U.S.C. § 509(a)(3)(A); the relationship test, *id.* § 509(a)(3)(B)(ii); and the control test, *id.* § 509(a)(3)(C).[1] The IRS contends that the Foundation can meet none of these tests. The district court granted summary judgment on the ground that the Foundation satisfied neither the relationship test nor the control test.

We prefer to rest our decision on the Foundation's failure to satisfy the organizational test. Of the three tests, this is the

---

[1] 26 U.S.C. § 509(a)(3) states that a § 501(c)(3) organization is not a "private foundation" if the organization:

> (A) is organized, and at all times thereafter is operated, exclusively for the benefit of, to perform the functions of, or to carry out the purposes of one or more specified organizations described in paragraph (1) or (2),
> (B) is-
>> (i) operated, supervised, or controlled by one or more organizations described in paragraph (1) or (2),
>> (ii) supervised or controlled in connection with one or more such organizations, or
>> (iii) operated in connection with one or more such organizations, and
> (C) is not controlled directly or indirectly by one or more disqualified persons (as defined in section 4946) other than foundation managers and other than one or more organizations described in paragraph (1) or (2) . . ..

most straightforward. That the district court did not rely on this ground is of no moment. A prevailing party may "defend its judgment on any ground properly raised below whether or not that ground was relied upon, rejected, or even considered by the District Court . . .." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 38-39 (1989); *see also Wash.-Balt. Newspaper Guild, Local 35 v. Wash. Post*, 959 F.2d 288, 292 n.3 (D.C. Cir. 1992); *Adams v. Agnew*, 860 F.2d 1093, 1097 (D.C. Cir. 1988).

To satisfy the organizational test, the Foundation had to demonstrate that it is "organized, and at all times thereafter is operated, exclusively for the benefit of, to perform the functions of, or to carry out the purposes of one or more specified [publicly supported] organizations . . .." 26 U.S.C § 509(a)(3)(A). Regulations implementing this provision require the articles of incorporation of a supporting organization to "designate each of the *specified* organizations by name . . .." Treas. Reg. § 1.509(a)-4(d)(2)(i).

There is an exception to this requirement: a Type II supporting organization need not specify by name each publicly supported organization if its articles of incorporation "require that it be operated to support or benefit one or more beneficiary organizations which are designated by class or purpose . . .." Treas. Reg. § 1.509(a)-4(d)(2)(i)(b). The IRS tells us that the exception applies only if the class of beneficiary organizations is "readily identifiable." In support, it points to the examples in the regulations and a related revenue ruling. *See* Treas. Reg. § 1.509(a)-4(d)(2)(iii); Rev. Rul. 81-43, 1981-1 C.B. 350. In each example, the description of the class allows easy identification of the beneficiary organizations—e.g., "institutions of higher learning in the State of Y," Treas. Reg. § 1.509(a)-4(d)(2)(iii); "[tax-exempt public charities] located in the [city of] Z area," Rev. Rul. 81-43.

An agency's interpretation of its regulation is controlling unless the interpretation is "plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997). This is so even if the interpretation appears for the first time in a legal brief. *Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871, 880-81 (2011); *Bigelow v. Dep't of Def.*, 217 F.3d 875, 878 (D.C. Cir. 2000). "Because the interpretation the [IRS] presents in its brief is consistent with the regulatory text," *Chase Bank*, 131 S. Ct at 880, we have no basis for rejecting it in favor of some other version. In the statute's terms, the organizations the Foundation supports must be "specified." This strongly suggests that either the Foundation must identify those organizations by name or the organizations must be identifiable from the Foundation's articles of incorporation. That essentially is what the Treasury regulation provides. The IRS so interprets it in its submissions to this court and to the district court. The Foundation has offered nothing to counter the IRS's interpretation. All the Foundation has to say is that the government is forbidden from making the argument. This is frivolous for the reasons we have already given—a winning party may support the judgment on appeal on any grounds argued below, even if the district court never reached them.

All that is left is the question whether the Foundation satisfied the organizational test, as the IRS interprets it. The Foundation has no defense. Its amended articles of incorporation designate as supported organizations "the class of organizations . . . which support, promote and/or perform public health and/or Christian objectives, including but not limited to Christian evangelism, edification and stewardship." Unlike the examples contained in the regulation and the revenue ruling, this designation does not make its beneficiary organizations readily identifiable. There is no geographic limit. There is no limit by type of publicly supported organization (such as churches or seminaries). In light of the broad purposes mentioned in

Foundation's articles of incorporation, we agree with the government that it would be difficult, if not impossible, to determine whether the Foundation will receive oversight from a readily identifiable class of publicly supported organizations.

*Affirmed.*