NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2793
_____

JENNIFER A. KOMLO,
                                    Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(E.D. Pa.Civil No. 2-15-cv-02127)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2016

Before: AMBRO, JORDAN, and SCIRICA, <u>Circuit Judges</u>

(Filed: August 12, 2016)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

SCIRICA, *Circuit Judge*.

Jennifer A. Komlo appeals the dismissal of her tax refund and wrongful levy claims for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)), and the dismissal of her wrongful disclosure claim for failure to state a claim (Fed. R. Civ. P. 12(b)(6)). We will affirm.[1]

## I.

Komlo was married to William Jeffrey Komlo until 2008. A33. Prior to their divorce, the couple failed to satisfy their federal income tax liabilities, incurring deficiencies in 1993, 1994, 1995, 1997, and 1998. A23. They filed a joint return in each of these years. A11.

In 2003, the United States Tax Court entered a stipulated order finding Komlo to be jointly and severally liable for a $38,208 portion of the unpaid taxes from 1998 and a corresponding penalty of $7,641.60.[2] A24. The Tax Court found she was not liable for any of the delinquent taxes from 1993, 1994, 1995, or 1997 because she qualified as an innocent spouse under 26 U.S.C. § 6015(c). A23-24. The Internal Revenue Service entered an assessment of $38,208. A73.

In 2005, during divorce proceedings, Komlo successfully petitioned for a court order directing the sale of a residential property she co-owned with her ex-husband. A12.

---

[1] The District Court had jurisdiction under 26 U.S.C. § 7431 and 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

[2] The total amount of unpaid taxes for 1998 was $198,061; the total penalty for that year was $39,612.20. A23.

It sold for $2,001,376.63.  A72.  Having obtained a lien on the property, the IRS drew approximately $665,751.04 from this sale and applied it toward unpaid taxes owed by Komlo's ex-husband.  A12; A72; A150; A152-53.

In 2011, the IRS entered assessments against Komlo for unpaid income taxes from 1998, 2008, and 2010.  A178.  It filed a lien for the balance of these assessments.  *Id.*  It then began levying on Komlo's wages.  A74; A182; A184.  In the process, it disclosed information about Komlo's tax liabilities to her employer.  A14; A20.

Komlo filed a complaint in the District Court asserting a refund claim under 26 U.S.C. § 7422, a wrongful levy claim under 26 U.S.C. § 7426, and a wrongful disclosure claim 26 U.S.C. § 7431.[3]  A15-21.  As noted, the District Court dismissed her refund and wrongful levy claims for lack of subject matter jurisdiction, and dismissed her wrongful disclosure claim for failure to state a claim.  A38-51.  Komlo filed a timely notice of appeal.  A7.

## II.[4]

Komlo contends the District Court erred when it dismissed her refund and wrongful levy claims for lack of subject matter jurisdiction.  We must resolve these

---

[3] Prior to seeking relief in District Court, Komlo filed an administrative claim with the IRS under 26 U.S.C. §§ 6346 and 7422.  A284-86.  It denied her claim.  A13.

[4] We apply a plenary standard of review when evaluating a district court's decision to dismiss a claim for lack of subject matter jurisdiction.  *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).  When resolving facts necessary for subject matter jurisdiction, the plaintiff's allegations are not entitled to a presumption of truthfulness.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

3

jurisdictional issues in accordance with the fundamental principle of sovereign immunity, which provides "the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal brackets and ellipses omitted)). This principle must be construed strictly in the government's favor. *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992).

The District Court properly dismissed Komlo's refund claim. The jurisdictional basis for refund claims is 28 U.S.C. § 1346, a statute that permits taxpayers to file suit against the government for a "tax alleged to have been erroneously or illegally assessed or collected . . . ." As we have previously emphasized, "[i]t has been the uniform rule that a taxpayer must pay the full amount of a tax assessment or penalty before he can challenge its validity in a civil action in the United States district court under 28 U.S.C. § 1346." *Psaty v. United States*, 442 F.2d 1154, 1158 (3d Cir. 1971). This is a jurisdictional rule that has long required the plaintiff to "pay first and litigate later."[5] *Flora v. United States*, 357 U.S. 63, 72-73, 75 (1958), *on reh'g*, 362 U.S. 145 (1960).

---

[5] In confirming this rule, the Supreme Court acknowledged it imposes a "hardship" intended to be "ameliorate[d]" through Congress' establishment of the United States Tax Court. *Flora v. United States*, 357 U.S. 63, 75 (1958), *on reh'g*, 362 U.S. 145 (1960). A taxpayer who wishes to contest the validity of an asserted assessment prior to paying it may do so in the Tax Court. *Magnone v. United States*, 733 F. Supp. 613, 616 (S.D.N.Y. 1989), *aff'd*, 902 F.2d 192 (2d Cir. 1990) (discussing the "two-part system for litigating claims: the Tax Court, where pre-payment is not required, and district court, where it is").

Komlo asserts she settled the full balance of the assessments entered against her when the IRS collected proceeds from the 2005 property sale. According to her, the IRS misallocated these proceeds by crediting them in full to her ex-husband. But a taxpayer cannot evade the full payment rule merely by claiming to have previously paid an outstanding assessment. To establish subject matter jurisdiction under 28 U.S.C. § 1346, the taxpayer must first pay the "asserted deficiency." *Koss v. United States*, 69 F.3d 705, 708 (3d Cir. 1995) (barring refund claim by plaintiffs seeking the "net effect" of a "credit to be applied to the outstanding deficiency"). Komlo has not paid this amount.

The District Court also properly dismissed Komlo's wrongful levy claim. Under 26 U.S.C. § 7426(a), a wrongful levy claim against the government is available to any person "other than the person against whom is assessed the tax out of which such levy arose . . . ." Komlo lacks recourse under the statute because she is the "person against whom" the IRS "assessed the tax" giving rise to the levy at issue. *Id.* In an effort to avoid being characterized as such, Komlo asserts the levy on her wages could not have arisen from an assessment because she paid the allegedly outstanding deficiencies via proceeds transferred to the IRS from the 2005 property sale. But as explained above, this argument lacks merit.[6] Moreover, in the adjudication of a wrongful levy claim, the

---

[6] Komlo's separate arguments regarding her status as an innocent spouse also lack merit. In short, the fact she was deemed an innocent spouse with respect to certain tax deficiencies does not qualify her as a third party with respect to the tax assessments entered against her. These assessments, not those entered separately against her ex-husband, gave rise to the levy in dispute.

5

underlying assessment "shall be conclusively presumed to be valid." 26 U.S.C. § 7426(c).

## III.[7]

Komlo further contends the District Court erred when it granted the government's motion to dismiss her wrongful disclosure claim under Fed. R. Civ. P. 12(b)(6). Tax return information is deemed confidential and prohibited from disclosure unless an exception applies. 26 U.S.C. § 6103. Violations of section 6103 are actionable against the government. 26 U.S.C. § 7431. To establish a claim for wrongful disclosure, a taxpayer must establish: (1) a violation of section 6103 occurred, and (2) the violation was a result of "knowing or negligent conduct." *Venen v. United States*, 38 F.3d 100, 104 (3d Cir. 1994). Because we conclude Komlo's claim fails under the first element, we do not reach the second.

Komlo's allegations, taken as true, do not establish a violation of section 6103. She alleges an IRS officer disclosed information about her 1998 tax deficiency to her employer. This disclosure was authorized under an exception permitting the IRS to disclose return information "in connection with . . . [a] collection activity . . . ." 26 U.S.C. § 6103(k). Under this exception, Treasury Regulations allow return information

---

[7] We apply a plenary standard of review when evaluating the grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 279 (3d Cir. 1992). In applying this standard, we must "accept as true the factual allegations contained in the complaint, and may affirm the dismissal only if it appears certain that plaintiffs can prove no set of facts that would entitle them to relief." *Id.* at 279-80.

to be disclosed for the purpose of establishing a levy. 26 C.F.R. § 301.6103(k)(6)-1(a)(1)(vi). Here, the IRS's reason for disclosing Komlo's return information to her employer was for the permissible purpose of establishing a levy on her wages. Komlo's wrongful disclosure claim was appropriately dismissed.[8]

## IV.

We will affirm the District Court's dismissal of Komlo's claims for refund, wrongful levy, and wrongful disclosure.[9]

---

[8] Komlo again claims she paid the outstanding assessments. In so doing, she contends that if the levy sought to be established was based on an invalid assessment, then the IRS's disclosure in pursuit of establishing that levy was wrongful. Yet we do not "consider the validity of the underlying levy in deciding whether the IRS has disclosed in violation of section 6103." *Venen*, 38 F.3d at 105.

[9] Since filing her reply brief, Komlo has retained additional counsel and submitted a supplemental brief and appendix for our consideration. We have reviewed these materials in arriving at our decision.