NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-2647 and 18-2799
_____

UNITED STATES OF AMERICA

v.

JENNIFER KOMLO,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cv-03789)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted under the Third Circuit L.A.R. 34.1(a)
September 9, 2019

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Filed:  January 29, 2020)

_____

OPINION*
_____

_____

   * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

This appeal follows a prior federal tax dispute between Appellant Jennifer Komlo and the United States. *See Komlo v. United States*, 657 F. App'x 85 (3d Cir. 2016). There we affirmed an order dismissing Komlo's suit seeking, *inter alia*, a refund on her 1998 tax assessment. This appeal involves the Government's attempt to reduce that 1998 assessment to judgment. The District Court entered summary judgment for the Government and denied Komlo's motion for reconsideration and her motion to vacate the later-corrected judgment. Komlo filed this appeal, raising several arguments. Finding none persuasive, we will affirm.

I[1]

A

Komlo first claims the Government's suit was untimely. Her 1998 tax liability was assessed on August 11, 2003. The Government sued almost twelve years later (on July 7, 2015), beyond the ten-year limitations period required by 26 U.S.C. § 6502(a)(1). So the Government's suit is untimely unless the statute of limitations was tolled.

Before the limitations period expired, on November 7, 2012, Komlo filed a request for a Collection Due Process (CDP) hearing with the Internal Revenue Service (IRS). Such requests typically toll the statute of limitations until the IRS resolves them. *See* 26

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. § 7402(a). We have jurisdiction under 28 U.S.C. § 1291.

U.S.C. § 6330(e)(1). But the same IRS document that shows Komlo filed the CDP request also says that it was "withdrawn" just under a month later. App. 224. So Komlo argues there was at least a material factual dispute over the suit's timeliness that should have precluded summary judgment. We disagree.

The IRS did not resolve Komlo's CDP hearing request until September 16, 2014, which meant the ten-year period was tolled for 708 days: from the day she filed her CDP request on November 7, 2012 until the expiration of her time to appeal the agency's determination on October 16, 2014 (30 days after the decision). *See* 26 U.S.C. § 6330(d)(1), (e)(1); 26 C.F.R. § 301.6330-1(g)(1). Because of that tolling, the Government's deadline to file a timely complaint was July 20, 2015. It satisfied that deadline by filing on July 7, 2015.

Komlo's claim in this appeal that her CDP request was withdrawn contradicts the record. In letters to the IRS months after the alleged withdrawal, Komlo's counsel and her accountant reminded the IRS that her challenge to the 1998 assessment remained unresolved. And her accountant requested "a redetermination for 1998" months later. App. 747. Komlo treated the process as ongoing, responding to a request for more information not long after the alleged withdrawal. She also testified that the CDP hearing went on for "many, many, many months," even "years." App. 560–61.

Like Komlo and her representatives, the IRS treated the CDP process as ongoing. After the alleged withdrawal date, the IRS notified Komlo that her case had been

received, requested more information from her, scheduled a telephonic CDP hearing, and redirected to IRS appeals an Offer in Compromise Komlo had submitted.

Further, we are unpersuaded that the Government's flip-flop on the accuracy of the form indicating that Komlo's CDP had been withdrawn should preclude summary judgment. True, the Government at one point claimed that this form was accurate, only to argue later that it contained a mistake as to the purported withdrawal. But the District Court rightly found that "all material evidence in the record supports the [Government's] contention" that "the disputed [withdrawal] entry was a clerical error." *United States v. Komlo*, 313 F. Supp. 3d 638, 643 (E.D. Pa. 2018). The record demonstrates that Komlo requested a CDP hearing on November 7, 2012. And for almost two years a series of communications ensued between the parties until the IRS finally issued a notice of determination for tax year 1998 on September 16, 2014. When Komlo did not appeal within thirty days, the IRS concluded the CDP hearing on October 16, 2014. The District Court thus did not err when it found the Government's suit timely. *See id.* at 644.

B

Komlo also challenges the accuracy of the 1998 assessment, claiming that a payment by her then-husband toward his tax liabilities should have been credited to her tax liabilities, since she had joint and several liabilities with him at the time of the payment. But that payment was applied to his liability alone, as twice directed by a state court. So Komlo did not overcome the assessment's presumption of correctness. *See Anastasato v. Comm'r*, 794 F.2d 884, 887 (3d Cir. 1986).

4

In 2003, the IRS filed a federal tax lien against William J. Komlo for his 1998 tax liabilities, but not against Jennifer Komlo. In 2004, the Court of Common Pleas for Montgomery County, Pennsylvania, ordered the sale of the couple's North Palm Beach condominium. That order required the sale proceeds to be used to pay "liens of public record," App. 246–47, which the IRS specified were "solely" his liabilities. App. 273. The court again directed that proceeds be used to pay "liens of public record[]" when granting Ms. Komlo's emergency petition for the condo's sale the next year. App. 244–45. She then signed a settlement statement confirming that the payment satisfied her ex-husband's federal tax liens, without mention of her individual or their joint liabilities. And the letter accompanying payment to the IRS referenced only his liens. So the IRS correctly applied the condominium-sale proceeds to only his individual liens, not to the ex-spouses joint and several tax liabilities. Accordingly, the District Court did not err in reducing her unpaid assessment to judgment.

C

Finally, Komlo challenges an accuracy-related penalty for understatements of her 2008 income. The IRS's Automatic Underreporter (AUR) program added the penalty under 26 U.S.C. § 6662(a) and generated a letter to Komlo. Komlo responded to explain why she had underreported her income, but the IRS decided to assess the deficiency and penalty against her. After her arguments against the accuracy of the 2008 assessment (and penalty) failed at summary judgment, Komlo moved for reconsideration. She claimed, for the first time, that the IRS imposed the penalty without proof of a supervisor as required

5

by 26 U.S.C. § 6751(b)(1). Regardless of the force of her underlying statutory argument, Komlo's challenge cannot succeed because it was too little, too late.

Komlo "was free to raise the same, straightforward statutory interpretation argument" that other taxpayers have raised based on Section 6751(b)(1) for years. *Mellow Partners v. Comm'r*, 890 F.3d 1070, 1082 (D.C. Cir. 2018). Indeed, she notes "the relevant statutes have existed for over 20 years." Reply Br. 23. We see nothing in the statute that precludes forfeiture. *See Kaufman v. Comm'r*, 784 F.3d 56, 71 (1st Cir. 2015) (declining to consider the same statutory argument when raised for the first time on appeal). Forfeiture occurred here when Komlo did not raise this technical defect in the penalty until a motion for reconsideration. "Such motions 'are granted for compelling reasons[,] . . . not for addressing arguments that a party should have raised earlier.'" *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (internal citations omitted). For that reason, "[c]ourts often take a dim view of issues raised for the first time in post-judgment motions." *Kiewit E. Co. v. L & R Constr. Co.*, 44 F.3d 1194, 1204 (3d Cir. 1995). For these reasons, we hold that the District Court did not abuse its discretion when it declined to entertain Komlo's "belatedly articulated" argument against the penalty. *Dupree*, 617 F.3d at 733.

* * *

For the reasons stated, we will affirm the judgment of the District Court.

6